UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIC C. SANDERS and CARRIE SANDERS,<br><br>*Plaintiffs,*<br><br>v.<br><br>OCWEN FINANCIAL SERVICES, INC., U.S. BANK NATIONAL ASSOCIATION, as trustee for ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES OOMC 2006-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES OOMC 2006-HE3, and BEXAR COUNTY,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. SA-16-CV-252-XR |

**ORDER**

On this date, the Court considered Plaintiffs' Motion for Temporary Restraining Order and Amended Verified Motion for Temporary Restraining Order (docket nos. 1 and 2). After careful consideration, the Court will dismiss the case for lack of jurisdiction.

Plaintiffs Eric and Carrie Sanders filed a Motion for a Temporary Restraining Order and a subsequent Complaint and Amended Motion for Temporary Restraining Order on March 11, 2016. (Docket nos. 1 and 2). The Complaint names Ocwen Financial Services ("Ocwen"); U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE3, Asset Backed Pass-Through Certificates, Series OOMC 2006-HE3 ("U.S. Bank"); and Bexar County as Defendants. Docket no. 2.

This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The

1

Plaintiffs' Complaint alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Docket no. 2 at 1.  Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  For a district court to have jurisdiction under 28 U.S.C. § 1332, all plaintiffs must be diverse from all defendants.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Plaintiffs are citizens of Texas because they are domiciled in Texas.  *See In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010) (explaining the concept of domicile); *see also* docket no. 2 at 2 (stating that the Plaintiffs are residents of Texas).  Defendant Bexar County is also a citizen of Texas.  *See Moor v. Alameda County*, 411 U.S. 693, 717 (1973) (". . . this Court has recognized that a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes.").  As such, complete diversity does not exist and this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. Furthermore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiffs' Complaint does not present a federal question.

Given that the Court does not have subject matter jurisdiction over this case, this case is DISMISSED without prejudice.  Accordingly, the Clerk's office is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 11th day of March, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE